NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0586n.06

Case Nos. 13-3855/3857

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Oct 31, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARK LANGFORD, | ) | |
| | ) | |
| Petitioner-Appellee/Cross-Appellant, | ) | |
| | ) | ON REMAND FROM THE UNITED |
| v. | ) | STATES SUPREME COURT |
| | ) | |
| WARDEN, ROSS CORRECTIONAL | ) | OPINION |
| INSTITUTION, | ) | |
| | ) | |
| Respondent-Appellant/Cross-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS and DONALD, Circuit Judges; HOOD, District Judge.[*]

**BERNICE BOUIE DONALD, Circuit Judge.** Petitioner Mark Langford, an Ohio state prisoner, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming several grounds for relief from his state trial court conviction for murder. The district court conditionally granted and denied the petition in part, and both sides appealed. We affirmed the district court's decision in all respects. This decision was remanded from the Supreme Court in light of the Supreme Court's decision in *Davis v. Ayala*, 576 U.S. _, 135 S. Ct. 2187 (2015). Because the Supreme Court's decision in *Ayala* is procedurally different than this case, we continue to **AFFIRM** the district court's decision.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

Langford petitioned in federal district court for a writ of habeas corpus, seeking relief on several grounds: (1) pre-indictment delay violated his rights to due process and a fair trial; (2) the trial judge failed to instruct the jury on the mens rea for complicity; and (3) his appellate counsel was ineffective for failing to raise several issues to the state court of appeals. *See Langford v. Warden, Ross Corr. Inst.*, No. 2:12-CV-0096, 2013 WL 459196 (S.D. Ohio Feb. 7, 2013). The district court granted Langford relief on the jury instruction issue and dismissed Langford's other claims. *See Langford v. Warden, Ross Corr. Inst.*, No. 2:12-CV-96, 2013 WL 3223379 (S.D. Ohio June 25, 2013). This Court affirmed the district court's decision in *Langford v. Warden*. *Langford v. Warden, Ross Correctional Inst.*, 593 Fed.Appx. 422, 427-33 (6th Cir. Nov. 12, 2014), finding that the trial judge failed to instruct the jury on the mens rea for complicity and the state court's decision to the contrary was unreasonable in light of the language of the jury instructions and the record as a whole.

The crux of the Supreme Court's decision in *Ayala* is that courts on collateral review have to give a heightened degree of deference to the state court's review of a harmless error decision. *Ayala*, at 2197. Thus, habeas petitioners, under *Ayala*, are not entitled to habeas relief based on trial court error unless they can establish that it resulted in "actual prejudice." *Id*. Since there was no state court review of harmless error in this case, *Ayala* does not apply to the facts of this case because this Court could not give deference to the state court's determination of harmless error. Therefore, we uphold our decision granting Langford habeas relief and affirming the district court's decision.

BOGGS, Circuit Judge, concurring in part and dissenting in part. While the majority correctly reads the Supreme Court's holding in *Davis v. Ayala*, 576 U.S. __, 135 S. Ct. 2187 (2015), it incorrectly concludes that it has no application to this case. *Ayala* stands for the proposition that federal courts must give heightened deference to a state court's harmless-error determination when evaluating that decision on habeas review. *Id.* at 2197. Where a state court has "adjudicated on the merits" a prisoner's alleged constitutional error and found it harmless, a federal court may not grant habeas relief unless the state court decision was "contrary to, or involved an unreasonable application of" the Supreme Court's holding in *Chapman v. California*, 366 U.S. 18 (1967). *Id.* at 2198 (quoting the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)). This is a substantially more deferential standard than the one we employed when we initially affirmed the district court's grant of habeas relief in *Langford v. Warden*, 593 F. Appx. 422, 427–33 (6th Cir. 2014).

Recognizing that its announcement in *Ayala* would have potential ramifications for this case, the Supreme Court vacated our decision in *Langford* and remanded the case to us for further consideration. *See Hooks v. Langford*, 135 S. Ct. 2888 (2015) (mem.). The Supreme Court frequently engages in this practice in order to "call[] the panel's attention to [Supreme Court] opinions highlighting the necessity of deference to state courts in § 2254(d) habeas cases." *Cavazos v. Smith*, 132 S. Ct. 2, 7 (2011). The majority ignores this directive, instead concluding that *Ayala* does not apply because there was no state review of harmless error. As the Ohio Court of Appeals makes clear, however, it *did* adjudicate the harmless-error issue. The court's opinion plainly states that "[t]he jury could not have been misled by the charge given, *nor could it have found Langford guilty based upon an error in the jury charge*." *State v. Langford*, 2010 WL 3042185, at *5 (Ohio Ct. App. Aug. 5, 2010) (emphasis added). Thus, the

Ohio court concluded, "[n]o reversible error is present with respect to the jury charge or complicity." *Ibid.* That the state court's treatment of the issue is brief has no bearing on whether or not it reached the merits—we are *required* to "presume[] that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 99 (2011)). That presumption can only be overcome "when there is reason to think some other explanation for the state court's decision is more likely." *Richter*, 562 U.S. at 99–100. As the Ohio court's language demonstrates, Langford cannot make this showing.

Thus, so long as "fairminded jurists could disagree" on the correctness of the state court's decision, we are required to give it deference, even if we might decide the case differently on *de novo* review. *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). As my dissent in our initial decision in *Langford* demonstrates, *see* 593 F. App'x at 438–41, Langford cannot overcome this deferential standard on appeal. Therefore, I respectfully dissent.